IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| TISHA HENDERSON, § | | |
| Plaintiff, § | | |
| § | | |
| v. § | | No. 3:21-cv-00320-M (BT) |
| § | | |
| FEDERAL BUREAU OF § | | |
| INVESTIGATION, et al., § | | |
| Defendants. § | | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Defendant the Federal Bureau of Investigation moves to dismiss this removed *pro se* civil action for lack of jurisdiction. For the reasons stated, the Court should GRANT Defendant's Motion to Dismiss (ECF No. 3) and DISMISS Plaintiff's claims.

## Background

On January 29, 2021, Plaintiff Tisha Henderson filed an original petition in the 116th District Court of Dallas County, Texas, naming the FBI and six individual Dallas residents as defendants. Not. Rem. 1 (ECF No. 1). In her petition, Henderson summarily alleges that "certain federal agents" are involved in an "illegal civil case." Orig. Pet. 1 (ECF No. 1-6). She also references "Homevestors of America, Inc.," being "illegally followed by the Dallas Police Department," and "illegal chemicals due to the case." *Id.* 1, 3. She indicates that she is seeking monetary damages, "restitution," and injunctive relief, but the "Cause of Action" section of

her petition is blank. *Id.* 1-5. Henderson attempted to serve the FBI on February 8, 2021. Return (ECF no. 1-8).

Four days later, on February 12, 2021, the FBI removed the case to this Court under 28 U.S.C. § 1442(a)(1), which permits the removal of state actions against federal agencies and officers. Not. Rem. 1 (ECF No. 1). Following the removal, the FBI filed a motion to dismiss (ECF No. 3) under Federal Rule of Civil Procedure 12(b)(1), arguing that Henderson's attempt to sue the FBI is jurisdictionally barred by the doctrines of sovereign immunity and derivative jurisdiction. Henderson did not file a response, and the time for doing so has passed. The Court will therefore address the FBI's motion to dismiss without the benefit of a response.

## Legal Standards and Analysis

A motion to dismiss under Rule 12(b)(1) challenges a federal court's subject matter jurisdiction. Fed. R. Civ. P. 12(b)(1). "A case is properly dismissed for lack of subject matter jurisdiction when the court lacks the statutory or constitutional power to adjudicate the case." *Home Builders Ass'n of Miss., Inc. v. City of Madison*, 143 F.3d 1006, 1010 (5th Cir. 1998) (quotation marks and citation omitted). The Court "must presume that a suit lies outside [its] limited jurisdiction," *Howery v. Allstate Ins. Co.*, 243 F.3d 912, 916 (5th Cir. 2001) (citations omitted), and the plaintiff, as the party asserting jurisdiction, must show that jurisdiction does in fact exist, *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001).

Because Henderson is a *pro se* litigant, the Court must liberally construe her pleadings. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (noting that *pro se* pleadings "must be held to less stringent standards than formal pleadings drafted by lawyers"). But even under the most liberal construction, Henderson has failed to meet her burden to show that jurisdiction exists.

Under the doctrine of sovereign immunity, a plaintiff cannot sue the United States without its permission. *See United States v. Mitchell*, 463 U.S. 206, 212 (1983); *see also Lehman v. Nakshian*, 453 U.S. 156, 160 (1981) ("[T]he United States, as sovereign, is immune from suit save as it consents to be sued." (internal quotation citation omitted); *In re FEMA Trailer Formaldehyde Prods. Liab. Litig.*, 668 F.3d 281, 287 (5th Cir. 2012) (The government's consent to be sued "is a prerequisite to federal jurisdiction."). A lawsuit against a federal official in an official capacity is the equivalent of a lawsuit against the government itself.[1] *Smart v. Holder*, 368 F. App'x 591, 593 (5th Cir. 2010) (per curiam). Absent a waiver of this immunity, or consent to be sued, any suit brought against the United States or any federal agency must be dismissed for lack of subject-matter jurisdiction. *See Truman v. United States*, 26 F.3d 592, 594 (5th Cir. 1994); *see also Wagstaff v.*

---

[1] Henderson's petition fails to set forth any specific allegations against any of the individual named defendants; although, she does state that they all "reside[] in Dallas Texas." Orig. Pet. 2 (ECF No. 1-6). To the extent any of the named individual defendants are not federal employees, Henderson's remaining claims should be remanded to the 116th District Court of Dallas County, Texas. *See Guzzino v. Felterman*, 191 F.3d 588, 595 (5th Cir. 1999) (district courts have "wide discretion" to decline to exercise supplemental jurisdiction over state law claims once all federal claims have been dismissed).

*U.S. Dep't of Educ.*, 509 F.3d 661, 664 (5th Cir. 2007) ("The absence of such a waiver is a jurisdictional defect.") (quoting *Lewis v. Hunt*, 492 F.3d 565, 571 (5th Cir. 2007)). The plaintiff bears the burden of showing a waiver of sovereign immunity. *Freeman v. United States*, 556 F.3d 326, 334 (5th Cir. 2009) (quoting *St. Tammany Par. v. Fed. Emergency Mgmt. Agency*, 556 F.3d 307, 315 (5th Cir. 2009)).

Here, Henderson sues the FBI, the domestic intelligence and security service of the United States that serves as its principal federal law enforcement agency and operates under the jurisdiction of the United States Department of Justice, and six individual defendants for alleged wrongdoing by "certain federal agents." Orig. Pet. 1 (ECF No. 1-6). However, she has not identified consent or any waiver of sovereign immunity that would allow her to sue the FBI, a federal agency. *See Warren v. Agency*, 2019 WL 6686400, at *1 (S.D. Tex. Nov. 12, 2019), *report and recommendation adopted in Warren v. Fed. Bureau Agency*, 2019 WL 6683148 (S.D. Tex. Dec. 6, 2019) (recognizing that the FBI is a federal agency). Henderson has, thus, failed to identify consent or any waiver of sovereign immunity that would permit her suit to go forward against the United States or any federal agency, so her claims against the FBI must be dismissed without prejudice for lack of subject-matter jurisdiction.

The Federal Tort Claims Act (FTCA), 28 U.S.C. §§ 1346(b), 2671–2680, "waives sovereign immunity and permits suits against the United States sounding in state tort for money damages." *Freeman*, 556 F.3d at 335. "The FTCA subjects

4

the United States to liability for personal injuries caused by the negligent or wrongful act or omission of any employee of the Government." *Metro. Life Ins. Co. v. Atkins*, 225 F.3d 510, 512 (5th Cir. 2000) (internal quotation marks omitted). Before bringing an FTCA claim in federal court, however, a plaintiff must exhaust his administrative remedies by presenting the claim to the appropriate federal agency. 28 U.S.C. § 2675(a). Once the appropriate federal agency either denies the plaintiff's claim or fails to act on the claim within six months after it is filed, the plaintiff may proceed to federal court. *Id.* In the Fifth Circuit, this presentment requirement is jurisdictional. *Cook v. United States ex rel. United States Dep't of Labor*, 978 F.2d 164, 166 (5th Cir. 1992) (per curiam); *Barber v. United States*, 642 F. App'x 411, 413 (5th Cir. 2016) (per curiam).

Henderson's claim that there was "illegal" conduct for which she wants monetary damages implies she is attempting to allege a tort. Orig. Pet. 1-4 (ECF No. 1-6). However, the FTCA "is the exclusive remedy for tort claims arising from the actions of government agencies or employees." *Galvin v. Occupational Safety & Health Admin.*, 860 F.2d 181, 183 (5th Cir. 1988). Moreover, FTCA claims are properly brought only against the United States. *Atorie Air, Inc. v. Federal Aviation Admin.*, 942 F.2d 954, 957 (5th Cir. 1991). Here, because Henderson's FTCA claim is a claim against a federal agency, and not the United States, it must be dismissed. *See Esquivel-Solis v. United States*, 472 F. App'x 338, 339 (5th Cir. 2012) (per curiam) (FTCA claims against a federal agency must be dismissed for lack or jurisdiction); *see also Galvin*, 860 F.2d at 183 ("[A]n FTCA claim against a

5

federal agency or employee as opposed to the United States itself must be dismissed for want of jurisdiction."); *Walters v. Sm*ith, 409 F. App'x 782, 783 (5th Cir. 2011) (per curiam) ("It is well established that FTCA claims may be brought against only the 'United States, and not the agencies or employees of the United States.").

In addition, the doctrine of derivative jurisdiction also provides a basis for dismissal. The doctrine of derivative jurisdiction states that a federal court's jurisdiction in cases removed from state court is "derived from the state court's jurisdiction." *Lopez v. Sentrillon Corp.*, 749 F.3d 347, 350 (5th Cir. 2014). As a result, if "the state court lacks jurisdiction of the subject matter or of the parties, the federal court acquires none." *Lambert Run Coal Co. v. Baltimore & O.R. Co.*, 258 U.S. 377, 382 (1922). Congress eliminated the doctrine of derivative jurisdiction with respect to cases removed under 28 U.S.C. § 1441(e), but the Fifth Circuit Court of Appeals has held that the doctrine still applies to removals under 28 U.S.C. § 1442, the basis of the FBI's removal to this Court. *Colonial Cty. Mut. Ins. Co. v. United States*, 2015 WL 7454698, at *2 (W.D. Tex. Nov. 23, 2015); *Lopez*, 749 F.3d at 351. As noted, Henderson is attempting to sue the FBI, a federal agency, for alleged acts of "illegal" conduct by "certain federal agents," and the FTCA provides the only potential avenue for her action. *See Jasper v. Fed. Emergency Mgmt. Agency*, 414 F. App'x 649, 650–51 (5th Cir. 2011) (per curiam) (noting that federal courts have exclusive jurisdiction over lawsuits filed under the FTCA). Therefore, the 116th District Court of Dallas County, Dallas, a state court,

lacked jurisdiction over Henderson's claims. *See Lopez*, 749 F.3d at 350 ("[W]here the state court lacks jurisdiction of the subject matter or of the parties, the federal court acquires none, although in a like suit originally brought in a federal court it would have had jurisdiction.") (internal quotation marks omitted); *see also Morgan v. Federal Bureau of Investigation*, 2017 WL 1322251, at *2 (W.D. Tex. Apr. 10, 2017) (finding that the state court lacked jurisdiction over the plaintiff's claims against the federal defendants, and under the derivative jurisdiction doctrine, the federal district court lacked jurisdiction over the removed claims).

## Recommendation

The Court should GRANT the FBI's Motion to Dismiss and dismiss Henderson's claims without prejudice for lack of subject matter jurisdiction.

To the extent any of the named individual defendants are not federal employees, Plaintiff's remaining claims should be remanded to the 116th District Court of Dallas County, Texas. *See Guzzino v. Felterman*, 191 F.3d 588, 595 (5th Cir. 1999) (district courts have "wide discretion" to decline to exercise supplemental jurisdiction over state law claims once all federal claims have been dismissed).

**SO RECOMMENDED.**

Signed March 18, 2021.

_____
REBECCA RUTHERFORD
UNITED STATES MAGISTRATE JUDGE

## INSTRUCTIONS FOR SERVICE AND
## NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). To be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).